IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Elliott B. Graham, <br><br> PETITIONER <br><br> v. <br><br> United States of America, <br><br> RESPONDENT | Crim. No. 4:05-cr-00770-TLW-3 <br> C/A No. 4:16-cv-02275-TLW <br><br><br> **Order** |

Petitioner Elliott B. Graham pled guilty to charges of kidnapping, in violation of 18 U.S.C. § 1201 (Count 10), and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 11). After granting the Government's motion for a downward departure, the Court sentenced him to a total of 260 months incarceration. ECF No. 195. In his § 2255 petition, he says that his § 924(c) conviction and sentence should be vacated because kidnapping is not a valid § 924(c) predicate offense under the force clause or the residual clause. *See* ECF No. 358.

Petitioner is correct that kidnapping is not a § 924(c) predicate offense. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) ("We agree with the court of appeals' conclusion that § 924(c)(3)(B) is unconstitutionally vague."); *United States v. Walker*, 934 F.3d 375, 379 (4th Cir. 2019) ("[K]idnapping clearly does not categorically qualify as a crime of violence under the force clause, § 924(c)(3)(A)."). But that is irrelevant here because his § 924(c) conviction is related to a carjacking, which the Fourth Circuit has held is a valid § 924(c) predicate under the force clause.

1

*United States v. Evans*, 848 F.3d 242, 244 (4th Cir. 2017) ("[T]he carjacking statute qualifies as a crime of violence under Section 924(c), because the carjacking statute 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.' 18 U.S.C. § 924(c)(3)(A).").

The facts of this case are straightforward. On April 6, 2005, Petitioner and three co-defendants (Thomas Brown, Ithamar Southern, and Romail Leach) were driving a Nissan Altima when they approached the victim, who was standing in the yard of his residence. One of the individuals in the Altima asked the victim if he would sell them the rims off his Chevrolet Impala, which was parked and idling nearby. The victim refused, so Petitioner pointed a revolver at the victim and told him to get into the Altima. When he did so, one of the co-defendants got out of the Altima and into the victim's Impala. Both vehicles left the scene, traveling from South Carolina into North Carolina and then back into South Carolina. While in the vehicle, the victim was hit with the revolver and threatened with being taken into the woods and burned with gasoline unless he told them the location of the key to unlock the rims. After he told them the location, they released him and told him to run into the woods. *See* PSR ¶¶ 21–23 (discussing the incident that formed the basis of the charges in Count 9 (carjacking), Count 10 (kidnapping), and Count 11 (§ 924(c))). During Petitioner's plea colloquy, he agreed to those facts as summarized by the Government and he admitted that he was the one with the revolver. *See* Plea Tr. 17:11–19:18.

A § 924(c) conviction does not require that the defendant also be convicted of

the underlying crime of violence or drug trafficking crime. *See, e.g., United States v. Randall*, 171 F.3d 195, 208 (4th Cir. 1999) ("[T]he government was not required to separately charge or convict the defendants of the § 924(c) predicate offense."). A defendant's admission during a plea colloquy is enough. *See United States v. King*, 81 F. App'x 440, 441 (4th Cir. 2003); *see also United States v. Hill*, 971 F.2d 1461, (10th Cir. 1992) ("[T]he defendant's commission of the underlying offense is merely a matter of proof which may be met either by the defendant's admission or through the presentation of evidence sufficient to sustain the government's burden."); *United States v. Munoz-Fabela*, 896 F.2d 908, 911 (5th Cir. 1990) ("[I]t is only the fact of the offense, and not a conviction, that is needed to establish the required predicate.").

The Government is also not required to specify a particular predicate offense in the § 924(c) charge in the indictment. *Randall*, 171 F.3d at 208. However, if the Government does so, then proof at trial of a different predicate offense and corresponding jury instructions can constitute an improper constructive amendment to the charge. *See id.* at 210.

Here, the Government did not specify a particular predicate offense in the § 924(c) charge at issue. Thus, the fact that Petitioner ultimately pled guilty to the kidnapping and § 924(c) charges is not dispositive.

It is also instructive to look at the convictions of Petitioner's co-defendants. Brown went to trial and was convicted on all counts, including the three counts at issue here. Southern and Leach both pled guilty to two § 924(c) charges, one of which is the charge at issue here—Count 11. During Southern's and Leach's joint plea

3

colloquy, they made substantially the same admissions that Petitioner did during his own colloquy regarding this incident. The Court recently denied each of their § 2255 petitions, concluding that their convictions on Count 11 were related to carjackings. *See Brown v. United States*, No. 4:05-cr-00770-TLW-1, 2019 WL 1714267, at *2 (D.S.C. Apr. 17, 2019), *appeal docketed*, No. 19-6826 (4th Cir. June 11, 2019); *Southern v. United States*, No. 4:05-cr-00770-TLW-2, 2019 WL 1714271, at *2 (D.S.C. Apr. 17, 2019), *appeal docketed*, No. 19-6777 (4th Cir. May 31, 2019); *Leach v. United States*, No. 4:05-cr-00770-TLW-4, 2019 WL 1714270, at *2 (D.S.C. Apr. 17, 2019), *appeal docketed*, No. 19-6789 (4th Cir. June 4, 2019).

There is no basis to distinguish Petitioner's case from those of his co-defendants. In fact, Petitioner is arguably more culpable than the other three because he possessed the revolver and pointed it at the victim before telling him to get in the car. This case is distinguishable from *Walker* because there, the indictment specified that kidnapping was the § 924(c) predicate offense and the factual basis for the defendant's guilty plea only involved a kidnapping. *See United States v. Walker*, No. 1:14-cv-00271-WO (M.D.N.C.), ECF Nos. 1 (indictment), 13 (factual basis for guilty plea). Here, by contrast, the Government did not specify in the indictment the § 924(c) predicate offense and the factual basis for Petitioner's guilty plea involved both carjacking and kidnapping. Notably, his plea colloquy reflects that he possessed the firearm used to commit the carjacking and to assault the victim whose car was taken. *See* Plea Tr. 17:11–19:18.

Because carjacking qualifies as a crime of violence under § 924(c)(3)(A),

4

Petitioner's petition for relief pursuant to § 2255, ECF No. 358, is **DENIED**.[1]  This action is hereby **DISMISSED**.[2]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

September 23, 2019
Columbia, South Carolina

---

[1] The Supreme Court's conclusion in *Davis* that § 924(c)'s residual clause is unconstitutionally vague has no impact on this case because that decision only involved the residual clause, not the force clause.

[2] A response from the Government is not required because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief . . . ." 28 U.S.C. § 2255(b).